```
                    UNITED STATES DISTRICT COURT
                     NORTHERN DISTRICT OF OHIO


OREON J. HUFFMAN,              )   CASE NO. 1:09 CV 1861
                               )
       Plaintiff,              )   JUDGE ANN ALDRICH
                               )
    v.                         )
                               )   MEMORANDUM OF OPINION
STATE OF OHIO, et al.,         )   AND ORDER
                               )
       Defendants.             )
```

On August 10, 2009, plaintiff *pro se* Oreon J. Huffman, an inmate at the Ohio State Penitentiary, filed this civil rights action against the State of Ohio, Judge Richard Ambrose, and Cleveland Metropolitan Housing Authority Detective James Neal.  The complaint asserts Huffman's rights were violated in connection with his conviction on drug related charges in the Ohio Court of Common Pleas.  Plaintiff seeks release from incarceration and damages. For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915(e).

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable

basis in law or fact.[1]  *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).

The Supreme Court has held that, when a prisoner challenges "the very fact or duration of his physical imprisonment, ... his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 501 (1973).  Further, absent allegations that criminal proceedings terminated in plaintiff's favor or that a conviction stemming from the asserted violation of his rights was reversed, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus, he may not recover damages for his claim.  *Heck v. Humphrey*, 512 U.S. 477 (1994).

Accordingly, this action is dismissed under section 1915(e).  Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

S/Ann Aldrich

ANN ALDRICH
UNITED STATES DISTRICT JUDGE

---

[1]  A claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute.  *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986);  *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).